UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JOHN DE VRIES
6933 Old Sauk Road
Madison, Wisconsin 53717,
          Plaintiff,

          Case No. _____

   vs.

TELEPHONE AND DATA SYSTEMS, INC.
GROUP INSURANCE PLAN
Registered Agent:
CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, Wisconsin 53717,

   and

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA
Registered Agent:
CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, Wisconsin 53717,
          Defendants.

---

## COMPLAINT

---

The Plaintiff, John de Vries, by his attorneys, Hawks Quindel, S.C., and William E. Parsons, for his complaint against the above-named Defendants, hereby states as follows:

### PARTIES

1.    Plaintiff, John de Vries ("de Vries"), is an adult resident of the State of Wisconsin and currently resides at 6933 Old Sauk Road, Madison, Wisconsin.

2. Defendant, Telephone and Data Systems, Inc. Group Insurance Plan ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., as amended ("ERISA"). Upon further information and belief, the Plan's registered agent for service is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin.

3. Defendant, The Prudential Insurance Company of America ("Prudential"), on information and belief, is a duly organized New Jersey company, licensed to do business in Wisconsin, with its principal place of business located at 751 Broad Street, Newark, New Jersey. Upon further information and belief, Prudential insures the Plan. Prudential's registered agent for service is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin.

### JURISDICTION AND VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to enforce the provisions of the Plan pursuant to ERISA §502(a)(3) and to enforce the contractual obligations of his employer related to his disability status under the Plan.

5. Jurisdiction over this action is conferred upon this Court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA §502(e)(2) and 28 U.S.C. §1391(b), because a substantial part of the events

and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7.  Plaintiff has exhausted his administrative remedies as a condition precedent to filing this action.

## FACTS

8.  Telephone and Data Systems, Inc. ("TDS") hired de Vries in 2001 and from that date, until 2007, de Vries remained employed by TDS. At all times material to this complaint, de Vries' own occupation with TDS was Network Specialist II.

9.  During the course of his employment with TDS, de Vries became eligible for certain employee benefits, including those provided by the Plan.

10. The terms of the Plan were contained in a "Certificate of Insurance and Plan Document" which has been attached to this Complaint and incorporated herein as Exhibit A.

11. The Plan purports to provide financial protection for TDS employees who become disabled, by paying said disabled employees a percentage of their pre-disability monthly earnings, up to a maximum of $15,000.00 per month.

12. The Plan further purports to provide that an individual who becomes disabled prior to age 61 will receive said LTDI benefits until the employee reaches Normal Retirement Age under the Social Security Act or until the employee no longer meets the Plan's definition of Disability.

13. The Plan defined the term "Disability" as follows:

You are disabled when Prudential determines that:

- you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness or injury;** and

- you are under the **regular care** of a **doctor;** and

- you have a 20% or more loss in your **monthly earnings** due to that sickness or injury.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

- you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience; and

- you are under the regular care of a doctor.

….

**Material and substantial duties** means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

4

> ***Regular Occupation*** means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

14. At all times material to this Complaint, Prudential insured the Plan.

15. The Plan granted Prudential full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Plan.

16. Due to his medical condition, as of December 2007, de Vries was unable to continue working as a Network Specialist II for TDS.

17. de Vries applied for and was approved for short-term disability insurance ("STDI") benefits. de Vries received his STDI benefits through approximately April 2008. At that time, de Vries applied for LTDI benefits through Prudential.

18. At all times material to this complaint, de Vries' monthly LTDI benefit was $3,415.00.

19. Prudential has denied de Vries' LTDI benefits claim by means of a letter dated May 9, 2008.

20. de Vries timely appealed Prudential's denial of his benefits.

21. de Vries exhausted his administrative remedies with Prudential.

22. Prudential failed to consider the issues raised in de Vries' administrative appeals.

23. At all times material to this case, the Plan has remained in full force and effect.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

24. Paragraphs 1 through 23 are reincorporated by reference as though set forth here in full.

25. Since December 2007, de Vries has been Disabled, as that term is defined by the Plan.

26. Prudential has interpreted and applied the terms and conditions of the Plan Document in a manner that is inconsistent with the plain language contained therein.

27. Upon information and belief, Prudential has inconsistently interpreted the terms and conditions of the Plan from one case to the next.

28. As both the payer of claims and the adjudicator of claim eligibility, Prudential has an inherent conflict of interest.

29. Prudential's denial of de Vries' LTDI benefits was "downright unreasonable."

30. For these and other reasons, Prudential acted in violation of Section 502(a)(1)(B) of ERISA, when it wrongfully denied de Vries' claim for LTDI benefits.

WHEREFORE the Plaintiff, John de Vries, demands judgment for the following:

A. Payment of all retroactive long-term disability insurance benefits owed to de Vries under the terms and conditions of the Plan;

B. A declaration of de Vries' continued eligibility for all long-term disability insurance benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

PLAINTIFF DEMANDS A TRIAL BY THE COURT ON ALL ISSUES.

Dated this 24th day of November 2009.

HAWKS QUINDEL, S.C.

By: _____/s/ William E. Parsons_____
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040

Attorneys for Plaintiff, John de Vries